IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTY PSENCIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-cv-2062 |
| | ) | |
| DOLLAR TREE STORES, INC. and | ) | |
| DAVID WADE, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Christy Psencik, by and through her attorneys, Mahoney Law Firm, LLC, and for her Complaint against Defendant, Dollar Tree Stores, Inc. and David Wade, states as follows:

## GENERAL ALLEGATIONS

1.      At all times relevant herein, Christy Psencik was a resident of Massac County, State of Illinois.

2.      At all times relevant herein, Defendant, Dollar Tree Stores, Inc. ("Dollar Tree"), was and is a Virginia corporation; was duly registered to conduct business in the State of Illinois; was conducting business in the State of Illinois; and continues to transact business in the State of Illinois, including Massac County, State of Illinois.

3.      Upon information and belief, at all times relevant herein, Defendant, David Wade ("Wade"), was a resident of McCracken County, State of Kentucky.

4.      At all times relevant herein, Defendant, Dollar Tree, owned and operated within its corporate structure, a store located at Store #7962, 1624 E. 5th Street, Metropolis, Illinois (the "Metropolis Store").

5.      At all times relevant herein, Plaintiff, Christy Psencik, was working as an employee for Defendant, Dollar Tree, at the Metropolis Store, and Defendant, Dollar Tree, was Plaintiff's direct employer at the time of the events alleged herein.

6.      At all times relevant herein, Defendant, Wade, was employed by Defendant, Dollar Tree, and was Plaintiff's direct supervisor, and had the power to directly affect the terms and conditions of her employment.

7.      At all times relevant herein, Defendant, Wade, was acting within the course and scope of his employment with Defendant, Dollar Tree.

8.      Further, at all times relevant herein, based on his numerous responsibilities and his control over Plaintiff as her store manager, Defendant, Wade, was the alter-ego of Defendant, Dollar Tree.

9.      On or about November 1, 2019, Plaintiff, Christy Psencik, was hired by Defendant, Dollar Tree, to work at the Metropolis Store as a cashier.  Plaintiff was subsequently promoted to the position of Assistant Manager and then again to Merchandise Assistant Manager.

10.      At all times relevant herein, Defendant, Wade, was Plaintiff's direct supervisor.

11.      Beginning in November 2021 and continuing through February 2022, Defendant Wade, while working at the Metropolis Store, made unwelcome sexually charged comments and sexual advances towards Plaintiff, and touched her in an offensive manner on numerous occasions.

12.      On or about November 6, 2021, on the first date Plaintiff worked with Defendant, Wade, he hugged her and told her he was a hugger.

13.      On or about November 22, 2021, Defendant, Wade, forcefully hugged Plaintiff hard in the presence of the District Manager, to the point she experienced pain.

14.     On or about November 30, 2021, Plaintiff reported Wade's conduct to Defendant, Dollar Tree.

15.     On or about December 6, 2021, Defendant, Wade, hugged Plaintiff again and kissed her on the top of her head in the presence of the District Manager.

16.     On or about December 9, 2021, Defendant, Wade, called Plaintiff "boobsie," and told her that her perfume made him want to "throw her against a wall."

17.     On or about December 15, 2021, Defendant, Wade, talked about Plaintiff's clothes and how her pants fit so good. Wade told Plaintiff that he could just throw her around if they had sex because she was so little.

18.     On or about January 11, 2022, Defendant, Wade, approached Plaintiff from behind and rubbed her neck and back real hard to the point that she continues to experience pain and a popping in her neck to this day.

19.     During the aforementioned time period, Defendant, Wade, would frequently make comments about Plaintiff's breasts, such as telling her that her boobs were big, and to "put her boobs up" because they "turn him on so much."

20.     During the aforementioned time period, Defendant, Wade, would also make Plaintiff rub his back and threaten he would cut her hours if she didn't, he would talk about his penis frequently, he would dance and grind on her from behind while she was working, he would sing songs of a sexual nature to her, he would call her inappropriate pet names, such as "boobsie," "work wife," and "salt," and he would tell Plaintiff to sit on his lap.

21.     During the aforementioned time period, Defendant, Wade, would also frequently discuss his sex life in Plaintiff's presence, including his sex experiences in his college days and his sex life with his wife.

22.     On or about January 2022, Plaintiff again reported Wade's conduct to Defendant, Dollar Tree.

23.     On or about February 16, 2022, Defendant, Wade, cussed Plaintiff out and said, "You told my f***ing boss on me."

24.     At all times relevant herein, Plaintiff made clear to Defendant, Wade, that his inappropriate sexual comments and advances were unwelcome.

25.     Upon information and belief, at no point in time following Plaintiff's reporting of sexual harassment and inappropriate conduct by Wade did Defendant, Dollar Tree, take any corrective action against Wade to ensure this conduct would not continue.

26.     At all times relevant herein, Defendant Wade's sexually offensive conduct created a hostile and intimidating work environment and interfered with Plaintiff's ability to do her job and advance her chosen career with Defendant, Dollar Tree.

27.     On or about February 27, 2022, Plaintiff resigned from her employment with Defendant, Dollar Tree, as a result of Defendant Dollar Tree's failure to take corrective action and the ongoing hostile work environment at the Metropolis Store.

## JURISDICTION & VENUE

28.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

29.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims herein occurred in the Northern District of Illinois.

<u>**COUNT I**</u>
***Violation of Illinois Human Rights Act – Sexual Harassment***
***Christy Psencik v. Dollar Tree Stores, Inc.***

COMES NOW Plaintiff, Christy Psencik, by and through her attorneys, Mahoney Law Firm, LLC, and for Count I of her Complaint against Defendant, Dollar Tree Stores, Inc. ("Dollar Tree"), states as follows:

30. Plaintiff hereby incorporates Paragraphs 1 through 29 herein as though fully set forth hereunder.

31. At no time did Plaintiff consent to the aforementioned sexual harassment, sexual advances or offensive touching by Defendant, Wade, and at no time was any of the intentional and unlawful conduct set forth herein justified.

32. At all times relevant herein, Defendant, Wade, as the Store Manager for the Metropolis Store, and thereby acting in a managerial capacity at the time of the aforementioned conduct, was acting as the alter ego of Defendant, Dollar Tree.

33. The aforementioned conduct altered the terms and conditions of Plaintiff's employment.

34. The effect of the practice(s) complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

35. The unlawful employment practices complained of above were intentional.

36. The unlawful employment practices complained of above were done with malice or with reckless indifference to the statutorily protected rights of Plaintiff.

37. At all times relevant herein, Defendant, Dollar Tree, has continuously been an Illinois employer within the meaning of 775 ILCS 5/2-101.

38. At all times relevant herein, Defendant, Wade, was an employee of Defendant, Dollar Tree, within the meaning of 775 ILCS 5/2-101.

39. Based on the extreme and outrageous conduct outline above, Defendant Wade, as agent and employee of Defendant, Dollar Tree, sexually harassed Plaintiff, and as a result of Defendant Wade's managerial capacity, Defendant, Dollar Tree, has violated 775 ILCS 5/2-101, *et seq.*, commonly known as the Illinois Human Rights Act.

40. As a direct and proximate result of the aforesaid acts, Plaintiff was discriminated against in the terms of her employment on the basis of sex by Defendant, Dollar Tree, in violation of 775 ILCS 5/2-101, *et seq.*

41. As a result of Defendant Wade's managerial capacity, Defendant, Dollar Tree, has violated 775 ILCS 5/2-101, *et seq.* and is liable to Plaintiff for damages she suffered.

42. Prior to the institution of this lawsuit, Plaintiff filed a charge with the Illinois Department of Human Rights alleging violations of the Illinois Human Rights Act by Defendant, Dollar Tree, and therefore, all conditions precedent to the institution of this lawsuit have been fulfilled.

43. As a further direct and proximate result of Defendant Dollar Tree's violation of the Illinois Human Rights Act, Plaintiff was forced to endure multiple acts of sexual harassment by her supervisor; Plaintiff has suffered severe emotional distress, she has lost wages and benefits she would have otherwise received, but for the sexual harassment by Defendant; and may suffer such loss of wages and benefits in the future; she has experienced severe mental anguish, depression, and emotional distress in the past and may continue to suffer the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Christy Psencik, requests that judgment be entered on her behalf against Defendant, Dollar Tree Stores, Inc., for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit and attorneys' fees.

## COUNT II
### *Common Law Assault*
### *Christy Psencik v. David Wade*

COMES NOW Plaintiff, Christy Psencik, by and through her attorneys, Mahoney Law Firm, LLC, and for Count II of her Complaint against Defendant, David Wade ("Wade"), states as follows:

30.    Plaintiff hereby incorporates Paragraphs 1 through 29 herein as though fully set forth hereunder.

31.    At no time did Plaintiff consent to the aforementioned sexual harassment, sexual advances or offensive touching by Defendant, Wade, and at no time was any of the intentional and unlawful conduct set forth herein justified.

32.    As a direct and proximate result of the aforementioned acts, Defendant, Wade, created in Plaintiff's mind, a well-founded fear of imminent peril, caused by Defendant Wade's ability to commit an unwanted and forceful sexual assault and battery, and Defendant, Wade, by committing the aforementioned acts, thereby committed an assault upon Plaintiff.

33.    At all times relevant herein, on the aforementioned occasions where Defendant, Wade, sexually assaulted Plaintiff, Defendant, Wade, intended to commit an unlawful and outrageous touching upon the person of Plaintiff, without any lawful justification.

34.    Defendant Wade's actions amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of Plaintiff.

35.     As a direct and proximate result of the foregoing acts of sexual assault upon Plaintiff by Defendant, Wade, Plaintiff has suffered severe emotional distress, she has lost wages and benefits she would have otherwise received, but for the sexual assaults by Defendant; and may suffer such loss of wages and benefits in the future; she has experienced severe mental anguish, depression, and emotional distress in the past and may continue to suffer the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Christy Psencik, requests that judgment be entered on her behalf against Defendant, David Wade, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit.

## COUNT III
### *Common Law Battery*
### *Christy Psencik v. David Wade*

COMES NOW Plaintiff, Christy Psencik, by and through her attorneys, Mahoney Law Firm, LLC, and for Count III of her Complaint against Defendant, David Wade ("Wade"), states as follows:

30.     Plaintiff hereby incorporates Paragraphs 1 through 29 herein as though fully set forth hereunder.

31.     At no time did Plaintiff consent to the aforementioned sexual harassment, sexual advances or offensive touching by Defendant, Wade, and at no time was any of the intentional and unlawful conduct set forth herein justified.

32.     As a direct and proximate result of the aforementioned acts, Defendant, Wade, created in Plaintiff's mind, a well-founded fear of imminent peril, caused by Defendant Wade's

ability to commit an unwanted and forceful sexual assault and battery, and Defendant, Wade, by committing the aforementioned acts, thereby committed a battery upon Plaintiff.

33.    At all times relevant herein, on the aforementioned occasions where Defendant, Wade, sexually assaulted and battered Plaintiff, Defendant, Wade, intended to commit an unlawful and outrageous touching upon the person of Plaintiff, without any lawful justification.

34.    As a direct and proximate result of the aforementioned acts, Defendant, Wade, committed an unlawful and outrageous touching upon the person of Plaintiff without any lawful justification or consent, thereby committing a battery upon her.

35.    Defendant Wade's actions amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of Plaintiff.

36.    As a direct and proximate result of the foregoing acts of battery upon Plaintiff by Defendant, Wade, Plaintiff has suffered severe emotional distress, she has lost wages and benefits she would have otherwise received, but for the battery by Defendant; and may suffer such loss of wages and benefits in the future; she has experienced severe mental anguish, depression, and emotional distress in the past and may continue to suffer the same in the future; she has suffered a loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Christy Psencik, requests that judgment be entered on her behalf against Defendant, David Wade, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, and for costs of suit.

## COUNT IV
### *Intentional Infliction of Emotional Distress*
### *Christy Psencik v. David Wade*

COMES NOW Plaintiff, Christy Psencik, by and through her attorneys, Mahoney Law Firm, LLC, and for Count IV of her Complaint against Defendant, David Wade ("Wade"), states as follows:

30.     Plaintiff hereby incorporates Paragraphs 1 through 29 herein as though fully set forth hereunder.

31.     At no time did Plaintiff consent to the aforementioned sexual harassment, sexual advances or offensive touching by Defendant, Wade, and at no time was any of the intentional and unlawful conduct set forth herein justified.

32.     The acts complained of above were intentional.

33.     Based on the extreme and outrageous conduct outlined above, Defendant, Wade, intentionally and recklessly intended to cause Plaintiff to suffer severe emotional distress or should have known that such outrageous conduct would cause Plaintiff to suffer from severe emotional distress.

34.     At all times relevant herein, Defendant Wade's actions amounted to willful and wanton misconduct and/or a reckless disregard for the health and safety of Plaintiff.

35.     As a direct and proximate result of Defendant Wade's intentional and reckless conduct, and the multiple acts of sexual harassment, sexual assault and battery upon Plaintiff by Defendant Wade, Plaintiff has suffered severe emotional distress, she has lost wages and benefits she would have otherwise received, but for Defendant's conduct; and may suffer such loss of wages and benefits in the future; she has experienced severe mental anguish, depression, and emotional distress in the past and may continue to suffer the same in the future; she has suffered a

loss of enjoyment of a normal life as a consequence of her emotional injuries and she has lost her ability to engage in the same kinds of normal activities, all to her damage.

WHEREFORE, Plaintiff, Christy Psencik, requests that judgment be entered on her behalf against Defendant, David Wade, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), and for costs of suit and attorneys' fees.

Respectfully submitted,

By:  /s/ Ryan J. Mahoney
     Ryan J. Mahoney, #6290113
     MAHONEY LAW FIRM, LLC
     1 Ginger Creek Parkway
     Glen Carbon, IL  62034
     Telephone:     618-961-8288
     Facsimile:     618-961-8289
     ryan@themahoneylawfirm.com
     ***Attorneys for Plaintiff***

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CHRISTY PSENCIK

**DEFENDANTS**
DOLLAR TREE STORES, INC. and
DAVID WADE

**(b)** County of Residence of First Listed Plaintiff    Massac
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ryan J. Mahoney, Mahoney Law Firm, LLC
1 Ginger Creek Parkway, Glen Carbon, IL 62034
618-961-8288

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation -
     Transfer

☐ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C 1332
Brief description of cause:
Violation of Illinois Human Rights Act - Sexual Harassment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
Excess of $75k

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____    DOCKET NUMBER _____

DATE    06/15/2023

SIGNATURE OF ATTORNEY OF RECORD    /s/ Ryan J. Mahoney

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____